U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 SEP 10  AM 11: 06

CLERK

BY_____
DEPUTY CLERK

U.S. District Court of
Vermont Rm 506
11 Elmwood. Que
Burlington, VT 05401

**THIS PAGE INTENTIONALLY LEFT BLANK**

# UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM, SJUNDE AP-FONDEN, BOARD OF TRUSTEES OF THE CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, EMPLOYEES' RETIREMENT SYSTEM OF THE GOVERNMENT OF THE VIRGIN ISLANDS, AND PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI on behalf of themselves and all others similarly situated, | No. 2:11-CV-00289-WKS |
| **Plaintiffs,** | |
| v. | |
| GREEN MOUNTAIN COFFEE ROASTERS, INC., LAWRENCE J. BLANFORD and FRANCES G. RATHKE, | |
| **Defendants.** | |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND CLASS CERTIFICATION; (II) PROPOSED SETTLEMENT; (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (IV) SETTLEMENT FAIRNESS HEARING

### AND

### PROOF OF CLAIM AND RELEASE FORM

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.*

**Please read this notice carefully.**
**Your rights may be affected by the proposed Settlement.**

## UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM, SJUNDE AP-FONDEN, BOARD OF TRUSTEES OF THE CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, EMPLOYEES' RETIREMENT SYSTEM OF THE GOVERNMENT OF THE VIRGIN ISLANDS, AND PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI on behalf of themselves and all others similarly situated, | No. 2:11-CV-00289-WKS |

Plaintiffs,

v.

GREEN MOUNTAIN COFFEE ROASTERS, INC., LAWRENCE J. BLANFORD and FRANCES G. RATHKE,

Defendants.

### NOTICE OF (I) PENDENCY OF CLASS ACTION AND CLASS CERTIFICATION; (II) PROPOSED SETTLEMENT; (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (IV) SETTLEMENT FAIRNESS HEARING

#### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the District of Vermont (the "Court"), if, during the period between February 2, 2011 and November 9, 2011, inclusive (the "Class Period"), you purchased or otherwise acquired Green Mountain Coffee Roasters, Inc. common stock and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs and Class Representatives, Louisiana Municipal Police Employees' Retirement System, Sjunde AP-Fonden, Board of Trustees of the City of Fort Lauderdale General Employees' Retirement System, Employees' Retirement System of the Government of the Virgin Islands, and Public Employees' Retirement System of Mississippi (collectively, the "Class Representatives"), on behalf of themselves and the Class (as defined in ¶ 24 below), have reached a proposed settlement of the Action for $36,500,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Defendants in the Action or their counsel. All questions should be directed to Class Counsel or the Claims Administrator (*see* ¶ 85 below).**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated June 18, 2018 (the "Stipulation"), which is available at www.GreenMountainSecuritiesLitigation.com.

1.  **Description of the Action and the Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Keurig Green Mountain, Inc. ("Keurig Green Mountain"), formerly known as Green Mountain Coffee Roasters, Inc. ("Green Mountain" or the "Company"), Lawrence J. Blanford ("Blanford"), and Frances G. Rathke ("Rathke") (collectively, the "Defendants")[2] violated the federal securities laws by making false and misleading statements regarding Green Mountain. A more detailed description of the Action is set forth in ¶¶ 11-23 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶ 24 below.

2.  **Statement of the Class's Recovery:** Subject to Court approval, Class Representatives, on behalf of themselves and the Class, have agreed to settle the Action in exchange for a settlement payment of $36,500,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in ¶¶ 50-69 below.

3.  **Estimate of Average Amount of Recovery Per Share:** Based on Class Representatives' damages expert's estimate of the number of shares of Green Mountain common stock purchased during the Class Period that may have been affected by the conduct at issue in the Action and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per eligible share is $0.18. **Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and the price at which they purchased/acquired their shares of Green Mountain common stock, whether they sold their shares of Green Mountain common stock, and the total number and value of valid Claims submitted. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* ¶¶ 50-69 below) or such other plan of allocation as may be ordered by the Court.

4.  **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share of Green Mountain common stock that would be recoverable if Class Representatives were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5.  **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2011, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Class Counsel, Bernstein Litowitz Berger & Grossmann LLP, Barrack, Rodos & Bacine, and Kessler Topaz Meltzer & Check, LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 20% of the Settlement Fund. In addition, Class Counsel will apply for reimbursement of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the claims against Defendants, in an amount not to exceed $3,400,000, which amount may include an application for reimbursement of the reasonable costs and expenses incurred by Class Representatives directly related to their representation of the Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The estimated average cost per eligible share of Green Mountain common stock, if the Court approves Class Counsel's fee and expense application, is $0.05 per share. **Please note that this amount is only an estimate.**

6.  **Identification of Attorneys' Representatives:** Class Representatives and the Class are represented by: John C. Browne, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, blbg@blbglaw.com; Mark R. Rosen, Esq. of Barrack, Rodos & Bacine, Two Commerce Square, 2001 Market Street, Ste. 3300, Philadelphia, PA 19103, 1-215-963-0600, mrosen@barrack.com; and Matthew L. Mustokoff, Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com.

Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Class Counsel or the Court-appointed Claims Administrator at: Green Mountain Securities Litigation, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 3076, Portland, OR 97208-3076, 1-888-836-0903, info@GreenMountainSecuritiesLitigation.com, www.GreenMountainSecuritiesLitigation.com.

---

[2] Defendants Blanford and Rathke are collectively referred to herein as the "Individual Defendants."

7.   **Reasons for the Settlement:** Class Representatives' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN DECEMBER 1, 2018.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 33 below) that you have against Defendants and the other Defendant Releasees (defined in ¶ 34 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 1, 2018.** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other current or future lawsuit against any of the Defendants or the other Defendant Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 1, 2018.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. |
| **GO TO A HEARING ON OCTOBER 22, 2018 AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 1, 2018.** | Filing a written objection and notice of intention to appear by October 1, 2018 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

QUESTIONS? Visit www.GreenMountainSecuritiesLitigation.com or
Call Toll-Free 1-888-836-0903

## WHAT THIS NOTICE CONTAINS

| | |
|---|---|
| Why Did I Get This Notice? | Page 4 |
| What Is This Case About? | Page 4 |
| How Do I Know If I Am Affected By The Settlement? | |
|   Who Is Included In The Class? | Page 6 |
| What Are Class Representatives' Reasons For The Settlement? | Page 6 |
| What Might Happen If There Were No Settlement? | Page 7 |
| How Are Class Members Affected By The Action And The Settlement? | Page 7 |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page 8 |
| How Much Will My Payment Be? | Page 9 |
| What Payment Are The Attorneys For The Class Seeking? | |
|   How Will The Lawyers Be Paid? | Page 12 |
| What If I Do Not Want To Be A Member Of The Class? | |
|   How Do I Exclude Myself? | Page 12 |
| When And Where Will The Court Decide Whether To Approve The Settlement? | |
|   Do I Have To Come To The Hearing? May I Speak At The Hearing If I | |
|   Don't Like The Settlement? | Page 13 |
| What If I Bought Shares On Someone Else's Behalf? | Page 15 |
| Can I See The Court File? Whom Should I Contact If I Have Questions? | Page 15 |

## WHY DID I GET THIS NOTICE?

8.      The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Green Mountain common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Class Representatives and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Fairness Hearing"). *See* ¶ 76 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    This is a securities class action brought against Defendant Green Mountain and two of its executive officers during the Class Period, Defendants Lawrence J. Blanford and Frances G. Rathke. Class Representatives allege that, during the Class Period, Defendants misrepresented Green Mountain as a company that was straining capacity and struggling to build enough inventory to satisfy demand for its products. Class Representatives allege, however, that Defendants knew or should have known that the Company was, in fact, experiencing serious problems with inventory controls and concerns about ballooning inventory levels. Class Representatives allege that the truth was finally revealed following the close of the market on November 9, 2011, when Green Mountain announced that inventories had increased 156% year-over-year and that the Company had missed sales expectations for the first time in 15 quarters. Class Representatives allege that Green Mountain's stock price declined nearly 39%, from $67.02 per share to $40.89 per share, in response to this news.

12.     The Action was commenced on November 29, 2011, with the filing of a putative securities class action complaint in the United States District Court for the District of Vermont (the "Court").

13.     Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended (the "PSLRA"), notice to the public was issued setting forth the deadline by which putative class members could move the Court to be appointed to act as lead plaintiffs. On April 27, 2012, the Court entered an Order appointing Louisiana Municipal Police Employees' Retirement System, Sjunde AP-Fonden, Board of Trustees of the City of Fort Lauderdale General Employees' Retirement System, Employees' Retirement System of the Government of the Virgin Islands, and Public Employees' Retirement System of Mississippi as Lead Plaintiffs in the Action, and approving Lead Plaintiffs' selection of Kessler Topaz Meltzer & Check, LLP, Bernstein Litowitz Berger & Grossmann LLP, and Barrack, Rodos & Bacine as Lead Counsel in the Action.

14.     On October 29, 2012, Lead Plaintiffs filed and served their Consolidated Class Action Complaint for Violation of the Federal Securities Laws in the Action. On November 5, 2012, Lead Plaintiffs filed and served the Corrected Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint") in the Action. The Complaint asserted (i) claims under § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, against all Defendants; and (ii) claims under § 20(a) of the Exchange Act against the Individual Defendants.

15.     On March 1, 2013, Defendants filed and served their motions to dismiss the Complaint. On May 20, 2013, Lead Plaintiffs filed and served their papers in opposition to the motions to dismiss; and on June 26, 2013, Defendants filed and served their reply papers. Following oral argument on December 12, 2013, the Court issued an order dismissing the Complaint with prejudice on December 20, 2013 and entered judgment for Defendants.

16.     On January 21, 2014, Lead Plaintiffs filed a notice of appeal, appealing the Court's December 20, 2013 order of dismissal to the United States Court of Appeals for the Second Circuit. On March 28, 2014, Lead Plaintiffs filed and served their opening brief on appeal; and on May 23, 2014, Defendants filed and served their responsive brief on appeal. Following oral argument on December 1, 2014, the Second Circuit vacated the Court's judgment and remanded the Action.

17.     On September 29, 2015, Defendants filed and served their Answer to the Complaint. Thereafter, discovery in the Action commenced. In connection with discovery, Defendants and third parties produced more than 1.1 million pages of documents to Lead Plaintiffs, and Lead Plaintiffs produced over 20,000 pages of documents to Defendants. In addition, 44 depositions were taken in the Action, including 4 depositions of representatives of Lead Plaintiffs, 7 expert witness depositions, and 33 fact witness depositions. Lead Plaintiffs also served Defendants with interrogatories and requests for admission, and the Parties exchanged numerous letters concerning discovery issues. Lead Plaintiffs also filed numerous motions to compel the production of documents and to compel full and responsive answers to interrogatories.

18.     On December 12, 2016, Lead Plaintiffs filed and served a motion for class certification and appointment of class counsel. On May 1, 2017, Defendants filed and served their opposition to the motion for class certification; and on May 31, 2017, Lead Plaintiffs filed and served their reply papers. On July 21, 2017, the Court granted Lead Plaintiffs' motion for class certification and appointment of Class Counsel (the "Class Certification Order"). The Class Certification Order certified the Class as defined in ¶ 24 below, appointed Lead Plaintiffs as Class Representatives for the Class, and appointed Lead Counsel as Class Counsel for the Class.

19.     On September 19, 2017, Defendants filed and served their motion for summary judgment on all claims in the Complaint. On November 10, 2017, Class Representatives filed and served their opposition to the motion for summary judgment; and on December 15, 2017, Defendants served their reply papers. Defendants' motion for summary judgment was pending when the Settlement was reached.

20.     The Parties began exploring settlement in 2016. On May 12, 2016 and November 17, 2016, Class Counsel and Defendants' Counsel participated in full-day early neutral evaluation sessions before retired United States District Court Magistrate Judge Edward A. Infante (the "Mediator"). In advance of those sessions, the Parties submitted detailed mediation statements and exhibits to the Mediator, which addressed the issues of both liability and damages. While the initial mediation sessions did not result in a resolution of the Action, the Parties stayed in contact with the Mediator and as the case progressed, they were able to bridge the substantial gap in their respective positions. As a result of extensive, arm's-length negotiations both at those mediation sessions and in numerous telephonic communications with and through the Mediator throughout the pendency of the Action, the Parties finally reached an agreement in principle on March 9, 2018 to settle the Action for $36,500,000 in cash, almost two years after the initial mediation commenced. The Parties' agreement to settle was memorialized in a Settlement Term Sheet executed on April 13, 2018.

21.    On June 18, 2018, the Parties entered into the Stipulation, which sets forth the final terms and conditions of the Settlement and supersedes the Settlement Term Sheet. The Stipulation can be viewed at www.GreenMountainSecuritiesLitigation.com.

22.    Defendants have entered into the Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Defendants deny any wrongdoing.

23.    On July 6, 2018, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

24.    If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded. The Class certified by Order of the Court consists of:

> all persons or entities who purchased or otherwise acquired Green Mountain common stock during the period between February 2, 2011 and November 9, 2011, inclusive (the "Class Period"), and who were damaged thereby.

Excluded from the Class are: (i) Defendants; (ii) members of the Immediate Family of each of the Defendants; (iii) any person who was an executive officer and/or director of Green Mountain during the Class Period; (iv) any person, firm, trust, corporation, officer, director, or any other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Class are any persons and entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?," on page 12 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN DECEMBER 1, 2018.**

## WHAT ARE CLASS REPRESENTATIVES' REASONS FOR THE SETTLEMENT?

25.    Class Representatives and Class Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. For example, Defendants have raised a number of arguments and defenses that they did not make false and misleading statements in violation of the federal securities laws and that Class Representatives would not be able to establish that Defendants acted with the requisite intent. Defendants have also argued that Class Representatives have not shown loss causation, including arguing that Defendants disclosed the fact that Green Mountain was not capacity constrained prior to the corrective disclosure on November 9, 2011. Even assuming Class Representatives could establish liability and loss causation, the amount of damages that could be attributed to the allegedly false statements would be hotly contested. At the time that the Parties agreed in principle to settle the Action, the Court had not yet decided Defendants' motion for summary judgment, and while Class Representatives believe that they had compelling arguments in response, Class Representatives acknowledge that a serious risk exists that Defendants' arguments would persuade the Court to reduce dramatically, or even eliminate altogether, the damages that they could recover from Defendants. What's more, even if Class Representatives successfully defeated Defendants' motion, Defendants would in all likelihood make the same arguments to a jury should this case proceed to trial. Thus, there were very significant risks attendant to the continued prosecution of the Action.

26.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Class Representatives and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Class Representatives and Class Counsel believe that the Settlement provides a substantial benefit to the Class, namely $36,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial, and appeals, possibly years in the future.

QUESTIONS? Visit www.GreenMountainSecuritiesLitigation.com or
Call Toll-Free 1-888-836-0903

27. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

28. If there were no Settlement and Class Representatives failed to establish any essential legal or factual element of their claims against Defendants, neither Class Representatives nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

29. As a Class Member, you are represented by Class Representatives and Class Counsel, unless you enter an appearance through counsel of your own choice and at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 13 below.

30. If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?," on page 12 below.

31. If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 13 below.

32. If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Class Representatives and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 33 below) (including Unknown Claims, as defined below) against the Defendant Releasees (as defined in ¶ 34 below), whether or not such Class Member executes and delivers the Proof of Claim Form or shares in the Net Settlement Fund, and will be permanently barred and enjoined from bringing any action asserting any of the Released Plaintiffs' Claims against any and all of the Defendant Releasees.

33. "Released Plaintiffs' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Class Representatives or any other member of the Class (i) asserted in the Complaint or (ii) could have asserted in any court or forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Complaint and that relate to the purchase or acquisition of shares of Green Mountain common stock during the Class Period. Released Plaintiffs' Claims do not include (i) any claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court; (ii) any claims asserted in any derivative or ERISA action; (iii) any claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the wrongful conduct alleged in the Action; and (iv) any claims relating to the enforcement of the Settlement.

34. "Defendant Releasees" means (i) the Defendants and their attorneys; (ii) Defendants' respective Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers and their reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, attorneys, advisors, and associates of each of the foregoing; (iii) all current and former directors, officers, and employees of Keurig Green Mountain; and (iv) the Insureds, in their capacities as such.

35.     "Unknown Claims" means any Released Plaintiffs' Claims which Class Representatives or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to the Settlement or to the release of the Released Claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Class Representatives and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Class Representatives and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Class Representatives and Defendants shall expressly settle and release, and each of the other Class Members shall be deemed to have, and by operation of the Judgment shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Class Representatives and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

36.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 37 below) (including Unknown Claims) against the Plaintiff Releasees (as defined in ¶ 38 below), and will forever be barred and enjoined from commencing, maintaining, or prosecuting any or all of the Released Defendants' Claims against any and all of the Plaintiff Releasees.

37.     "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims (as defined above), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants. Released Defendants' Claims do not include (i) any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court; and (ii) any claims relating to the enforcement of the Settlement.

38.     "Plaintiff Releasees" means (i) Plaintiffs, their attorneys, and all other Class Members; (ii) the auditors, investment advisors, managers or agents of any Plaintiffs with respect to any decision to purchase, hold, sell or otherwise dispose of any Keurig Green Mountain securities; (iii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i) - (ii) above; and (iv) all elected or appointed officials who had or exercised any authority with respect to the decision to purchase, hold, sell or otherwise dispose of any Keurig Green Mountain securities or to initiate, prosecute or settle this Action, as well as any other current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, attorneys, advisors, and associates of the each of the foregoing in (i) - (iii) above, in their respective capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

39.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than December 1, 2018**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.GreenMountainSecuritiesLitigation.com, or you

may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-888-836-0903 or by emailing the Claims Administrator at info@GreenMountainSecuritiesLitigation.com. Please retain all records of your ownership of and transactions in Green Mountain common stock, as they may be needed to document your Claim. If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

40.     At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

41.     Pursuant to the Settlement, Defendants shall cause their insurers to pay $36,500,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (ii) the costs and expenses incurred in connection with providing notice to Class Members and administering the Settlement on behalf of Class Members; (iii) any attorneys' fees and Litigation Expenses awarded by the Court; and (iv) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

42.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

43.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

44.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

45.     Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before December 1, 2018 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 33 above) against the Defendant Releasees (as defined in ¶ 34 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendant Releasees whether or not such Class Member submits a Claim Form.

46.     Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to shares of Green Mountain common stock purchased/acquired through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY those shares of Green Mountain common stock purchased/acquired during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions of eligible Green Mountain common stock during the Class Period may be made by the Employee Plan(s)' trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in an Employee Plan(s), such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by such Employee Plan(s).

47.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

48.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

49.     Only Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Green Mountain common stock during the Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only security that is included in the Settlement is Green Mountain common stock.

V1899 v.06 07.17.2018

50.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

51.     In developing the Plan of Allocation, Class Representatives' damages expert calculated the estimated amount of artificial inflation in the per share closing price of Green Mountain common stock which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Class Representatives' damages expert considered price changes in Green Mountain common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, adjusting for price changes that were attributable to market or industry forces.

52.     For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be, among other things, the cause of the decline in price or value of the security. In this case, Class Representatives allege that Defendants made false statements and omitted material facts during the period between February 2, 2011 and November 9, 2011, inclusive, which had the effect of artificially inflating the price of Green Mountain common stock. Class Representatives further allege that corrective information was released to the market on November 9, 2011 (after the close of trading) which removed the artificial inflation from the price of Green Mountain common stock.

53.     Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the price of Green Mountain common stock at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase price and sale price. Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, shares of Green Mountain common stock purchased or otherwise acquired during the Class Period must have been held through the close of trading on November 9, 2011.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

54.     Based on the formula stated in ¶ 55 below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Green Mountain common stock during the Class Period (*i.e.*, from February 2, 2011 through and including the close of trading on November 9, 2011), that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number shall be zero.

55.     For each share of Green Mountain common stock purchased or otherwise acquired during the period from February 2, 2011 through and including the close of trading on November 9, 2011, and:

        (a)     Sold before the close of trading on November 9, 2011, the Recognized Loss Amount per share will be $0.00.

        (b)     Sold during the period from November 10, 2011 through and including the close of trading on February 7, 2012, the Recognized Loss Amount per share will be *the least of*: (i) $26.29;[3] (ii) the purchase/acquisition price (excluding all fees, taxes and commissions) *minus* the sale price (excluding all fees, taxes and commissions); or (iii) the purchase/acquisition price (excluding all fees, taxes and commissions) *minus* the average closing price between November 10, 2011 and the date of sale as stated in Table A at the end of this Notice.

        (c)     Held as of the close of trading on February 7, 2012, the Recognized Loss Amount per share will be *the lesser of*: (i) $26.29; or (ii) the purchase/acquisition price (excluding all fees, taxes and commissions) *minus* $50.58, the average closing price for Green Mountain common stock between November 10, 2011 and February 7, 2012 (the last entry on Table A).[4]

---

[3] $26.29 represents the dollar amount of alleged artificial inflation applicable to each share of Green Mountain common stock purchased or acquired during the Class Period.

[4] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Green Mountain common stock during the "90-day look-back period," November 10, 2011 through and including the close of trading on February 7, 2012. The mean (average) closing price for Green Mountain common stock during this 90-day look-back period was $50.58.

## ADDITIONAL PROVISIONS

56.     **FIFO Matching:** If a Class Member made more than one purchase/acquisition or sale of Green Mountain common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

57.     **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Green Mountain common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Green Mountain common stock during the Class Period shall not be deemed a purchase or acquisition of Green Mountain common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Green Mountain common stock unless (i) the donor or decedent purchased or otherwise acquired Green Mountain common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Green Mountain common stock shares.

58.     **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Green Mountain common stock. The date of a "short sale" is deemed to be the date of sale of the Green Mountain common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

59.     In the event that a Claimant has an opening short position in Green Mountain common stock, the earliest purchases or acquisitions of Green Mountain common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

60.     **Common Stock Purchased/Sold Through the Exercise of Options:** With respect to Green Mountain common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

61.     **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts as calculated above.

62.     **Market Gains and Losses:** With respect to all Green Mountain common stock shares purchased or acquired during the Class Period, the Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions during the Class Period in those shares. For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[5] and (ii) the sum of the Claimant's Total Sales Proceeds[6] and the Claimant's Holding Value.[7] If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

63.     If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Green Mountain common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Green Mountain common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss, and the Claimant will in any event be bound by the Settlement.

64.     **Determination of Distribution Amount:** If the sum total of the Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the sum total amount of the Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all shares of Green Mountain common stock purchased/acquired during the Class Period.

[6] The Claims Administrator shall match any sales of Green Mountain common stock during the Class Period first against the Claimant's opening position in the stock (the proceeds of those sales will not be considered for purposes of calculating Market Gains or Market Losses). The total amount received (excluding all fees, taxes and commissions) for sales of the remaining shares of Green Mountain common stock sold during the Class Period is the "Total Sales Proceeds."

[7] The Claims Administrator shall ascribe a "Holding Value" of $40.89 to each share of Green Mountain common stock purchased/acquired during the Class Period that was still held as of the close of trading on November 9, 2011.

65.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

66.     If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

67.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Class Counsel and approved by the Court.

68.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Class Representatives, Plaintiffs' Counsel, Class Representatives' damages expert, Defendants, Defendants' Counsel, or any of the other Plaintiff Releasees or Defendant Releasees, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Class Representatives, Defendants, and their respective counsel, and all other Defendant Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

69.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Class Representatives after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.GreenMountainSecuritiesLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

70.     Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Class Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 20% of the Settlement Fund. At the same time, Class Counsel also intend to apply for reimbursement of Litigation Expenses in an amount not to exceed $3,400,000, which amount may include an application for reimbursement of the reasonable costs and expenses incurred by Class Representatives directly related to their representation of the Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

71.     Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class, addressed to: Green Mountain Securities Litigation, EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 3076, Portland, OR 97208-3076. The exclusion request must be *received* **no later than October 1, 2018**. You will not be able to exclude yourself from the Class after that date. Each Request for Exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *LAMPERS et al. v. Green Mountain Coffee Roasters, Inc. et al.*, Civil Action No. 2:11-CV-00289-WKS"; (iii) state (a) the number of shares of Green

Mountain common stock that the person or entity requesting exclusion owned as of the opening of trading on February 2, 2011, and (b) the number of shares of Green Mountain common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (*i.e.*, between February 2, 2011 and November 9, 2011, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

72.     If you do not want to be part of the Class, you must follow these instructions for requesting exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendant Releasees. Excluding yourself from the Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendant Releasees concerning the Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.

73.     If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

74.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Class Representatives and Defendants.

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

75.     **Class Members do not need to attend the Settlement Fairness Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Fairness Hearing.** Please Note: The date and time of the Settlement Fairness Hearing may change without further written notice to the Class. You should monitor the Court's docket and the Settlement website, www.GreenMountainSecuritiesLitigation.com, before making plans to attend the Settlement Fairness Hearing. You may also confirm the date and time of the Settlement Fairness Hearing by contacting Class Counsel.

76.     The Settlement Fairness Hearing will be held on **October 22, 2018 at 10:00 a.m.**, before the Honorable William K. Sessions III at the United States District Court for the District of Vermont, 11 Elmwood Avenue, Burlington, VT 05401, Courtroom 110. The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Class.

**[Notice continues on next page]**

QUESTIONS? Visit www.GreenMountainSecuritiesLitigation.com or
Call Toll-Free 1-888-836-0903

77.     Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of Vermont at the address set forth below **on or before October 1, 2018**. You must also serve the papers on Class Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are ***received* on or before October 1, 2018**.

| **Clerk's Office** | **Class Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court | **Bernstein Litowitz Berger** | **Ropes & Gray LLP** |
| District of Vermont | **& Grossmann LLP** | Randall B. Bodner, Esq. |
| Clerk of the Court | John C. Browne, Esq. | 800 Boylston Street |
| 11 Elmwood Avenue | 1251 Avenue of the Americas, | Boston, MA 02199 |
| Burlington, VT 05401 | 44th Floor | |
| | New York, NY 10020 | **Gravel and Shea** |
| | | Matthew B. Byrne, Esq. |
| | **Barrack, Rodos & Bacine** | 76 St. Paul Street, 7th Floor |
| | Mark R. Rosen, Esq. | P.O. Box 369 |
| | Two Commerce Square | Burlington, VT 05402 |
| | 2001 Market Street, Ste. 3300 | |
| | Philadelphia, PA 19103 | |
| | | |
| | **Kessler Topaz Meltzer** | |
| | **& Check, LLP** | |
| | Matthew L. Mustokoff, Esq. | |
| | 280 King of Prussia Road | |
| | Radnor, PA 19087 | |

78.     Any objection (i) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (ii) must state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (iii) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (iv) must include documents sufficient to prove membership in the Class, consisting of documents showing the number of shares of Green Mountain common stock that the objector (a) owned as of the opening of trading on February 2, 2011, and (b) purchased/acquired and/or sold during the Class Period (*i.e.*, between February 2, 2011 and November 9, 2011, inclusive), as well as the number of shares, dates, and prices for each such purchase/acquisition and sale. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. You may not object to the Settlement, the Plan of Allocation, or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.

79.     You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

80.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in ¶ 77 above so that it is ***received* on or before October 1, 2018**. Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

81.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in ¶ 77 above so that the notice is ***received* on or before October 1, 2018**.

82.     The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Fairness Hearing, you should confirm the date and time with Class Counsel.

QUESTIONS? Visit www.GreenMountainSecuritiesLitigation.com or
Call Toll-Free 1-888-836-0903

83. **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

84. If you purchased or otherwise acquired Green Mountain common stock between February 2, 2011 and November 9, 2011, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to Green Mountain Securities Litigation, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 3076, Portland, OR 97208-3076. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.GreenMountainSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-888-836-0903, or by emailing the Claims Administrator at info@GreenMountainSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

85. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the District of Vermont, 11 Elmwood Avenue, Burlington, VT 05401. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the Settlement website, www.GreenMountainSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

Green Mountain Securities Litigation
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 3076
Portland, OR 97208-3076
1-888-836-0903
info@GreenMountainSecuritiesLitigation.com
www.GreenMountainSecuritiesLitigation.com

and/or

| | | |
|---|---|---|
| Matthew L. Mustokoff, Esq. | John C. Browne, Esq. | Mark R. Rosen, Esq. |
| Kessler Topaz Meltzer | Bernstein Litowitz Berger | Barrack, Rodos & Bacine |
| & Check, LLP | & Grossmann LLP | Two Commerce Square |
| 280 King of Prussia Road | 1251 Avenue of the Americas, | 2001 Market Street, Ste. 3300 |
| Radnor, PA 19087 | 44th Floor | Philadelphia, PA 19103 |
| 1-610-667-7706 | New York, NY 10020 | 1-215-963-0600 |
| info@ktmc.com | 1-800-380-8496 | mrosen@barrack.com |
| | blbg@blbglaw.com | |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: August 3, 2018

By Order of the Court
United States District Court
District of Vermont

QUESTIONS? Visit www.GreenMountainSecuritiesLitigation.com or
Call Toll-Free 1-888-836-0903

## TABLE A

### 90-Day Look-Back Period for Green Mountain Common Stock
(Closing Price and Average Closing Price - November 10, 2011 through February 7, 2012)

| Date | Closing Price | Average Closing Price Between November 10, 2011 and Date Shown | Date | Closing Price | Average Closing Price Between November 10, 2011 and Date Shown |
|---|---|---|---|---|---|
| 11/10/2011 | $40.89 | $40.89 | 12/23/2011 | $45.41 | $50.10 |
| 11/11/2011 | $43.71 | $42.30 | 12/27/2011 | $45.31 | $49.95 |
| 11/14/2011 | $42.14 | $42.25 | 12/28/2011 | $45.16 | $49.81 |
| 11/15/2011 | $47.61 | $43.59 | 12/29/2011 | $45.74 | $49.69 |
| 11/16/2011 | $52.30 | $45.33 | 12/30/2011 | $44.85 | $49.55 |
| 11/17/2011 | $51.69 | $46.39 | 1/3/2012 | $46.58 | $49.47 |
| 11/18/2011 | $50.45 | $46.97 | 1/4/2012 | $45.34 | $49.36 |
| 11/21/2011 | $52.91 | $47.71 | 1/5/2012 | $44.34 | $49.22 |
| 11/22/2011 | $50.35 | $48.01 | 1/6/2012 | $43.17 | $49.07 |
| 11/23/2011 | $50.13 | $48.22 | 1/9/2012 | $46.26 | $49.00 |
| 11/25/2011 | $49.66 | $48.35 | 1/10/2012 | $47.99 | $48.97 |
| 11/28/2011 | $50.99 | $48.57 | 1/11/2012 | $47.47 | $48.94 |
| 11/29/2011 | $48.92 | $48.60 | 1/12/2012 | $47.24 | $48.90 |
| 11/30/2011 | $52.43 | $48.87 | 1/13/2012 | $46.97 | $48.85 |
| 12/1/2011 | $53.92 | $49.21 | 1/17/2012 | $50.87 | $48.90 |
| 12/2/2011 | $56.32 | $49.65 | 1/18/2012 | $51.39 | $48.95 |
| 12/5/2011 | $58.88 | $50.19 | 1/19/2012 | $52.17 | $49.02 |
| 12/6/2011 | $56.98 | $50.57 | 1/20/2012 | $50.90 | $49.06 |
| 12/7/2011 | $57.18 | $50.92 | 1/23/2012 | $48.45 | $49.05 |
| 12/8/2011 | $56.04 | $51.18 | 1/24/2012 | $50.60 | $49.08 |
| 12/9/2011 | $58.44 | $51.52 | 1/25/2012 | $51.05 | $49.12 |
| 12/12/2011 | $56.49 | $51.75 | 1/26/2012 | $49.34 | $49.12 |
| 12/13/2011 | $49.95 | $51.67 | 1/27/2012 | $52.50 | $49.19 |
| 12/14/2011 | $47.72 | $51.50 | 1/30/2012 | $53.04 | $49.26 |
| 12/15/2011 | $44.35 | $51.22 | 1/31/2012 | $53.34 | $49.33 |
| 12/16/2011 | $45.26 | $50.99 | 2/1/2012 | $53.63 | $49.41 |
| 12/19/2011 | $45.97 | $50.80 | 2/2/2012 | $66.42 | $49.71 |
| 12/20/2011 | $45.69 | $50.62 | 2/3/2012 | $66.21 | $49.99 |
| 12/21/2011 | $45.30 | $50.44 | 2/6/2012 | $69.02 | $50.31 |
| 12/22/2011 | $45.08 | $50.26 | 2/7/2012 | $66.27 | $50.58 |

V18916 v.06 07.17.2018

**THIS PAGE INTENTIONALLY LEFT BLANK**

**Green Mountain Securities Litigation**
**c/o Epiq Class Action & Claims Solutions, Inc.**
**P.O. Box 3076**
**Portland, OR 97208-3076**

**Toll-Free Number: 1-888-836-0903**
**Email: info@GreenMountainSecuritiesLitigation.com**
**Website: www.GreenMountainSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE PROPOSED SETTLEMENT, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL TO THE ABOVE ADDRESS, **POSTMARKED NO LATER THAN DECEMBER 1, 2018**.

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECOVER ANY MONEY IN CONNECTION WITH THE PROPOSED SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THIS ACTION, OR THEIR COUNSEL. SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

**TABLE OF CONTENTS**                                                                 **PAGE #**

**PART I – GENERAL INSTRUCTIONS** ............................................................................................... 2–3

**PART II – CLAIMANT IDENTIFICATION** ..................................................................................... 4

**PART III – SCHEDULE OF TRANSACTIONS IN GREEN MOUNTAIN COMMON STOCK** ................... 5

**PART IV – RELEASE OF CLAIMS AND SIGNATURE** ................................................................. 6–7

## PART I – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (i) Pendency of Class Action and Class Certification; (ii) Proposed Settlement; (iii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (iv) Settlement Fairness Hearing (the "Notice") that accompanies this Claim Form, including the proposed Plan of Allocation set forth in the Notice (the "Plan of Allocation"). The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all persons or entities who purchased or otherwise acquired Green Mountain Coffee Roasters, Inc. ("Green Mountain") common stock during the period between February 2, 2011 and November 9, 2011, inclusive (the "Class Period"), and who were damaged thereby (the "Class"). Certain persons and entities are excluded from the Class by definition as set forth in Paragraph 24 of the Notice.

3.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A CLASS MEMBER (see the definition of the Class in Paragraph 24 of the Notice, which sets forth who is included in and who is excluded from the Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Green Mountain common stock. On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Green Mountain common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6.      **Please note:** Only Green Mountain common stock purchased or otherwise acquired during the Class Period (*i.e.*, between February 2, 2011 and November 9, 2011, inclusive), is eligible under the Settlement. However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of Green Mountain common stock during the period from November 10, 2011 through and including the close of trading on February 7, 2012 will be used for purposes of calculating loss amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-day look-back period must also be provided. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

7.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Green Mountain common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Green Mountain common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      All joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or otherwise acquired Green Mountain common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired Green Mountain common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

9.      **One Claim should be submitted for each separate legal entity.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)  expressly state the capacity in which they are acting;

(b)  identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Green Mountain common stock; and

(c)  furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.     By submitting a signed Claim Form, you will be swearing that you:

(a)  own(ed) the Green Mountain common stock you have listed in the Claim Form; or

(b)  are expressly authorized to act on behalf of the owner thereof.

12.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

14.     **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

15.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq Class Action & Claims Solutions, Inc., at the above address, by email at info@GreenMountainSecuritiesLitigation.com, or by toll-free phone at 1-888-836-0903, or you can visit the Settlement website, www.GreenMountainSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16.     **NOTICE REGARDING ELECTRONIC FILES:** Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.GreenMountainSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@GreenMountainSecuritiesLitigation.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** Only one claim should be submitted for each separate legal entity (*see* Paragraph 9 above) and the *complete* name of the beneficial owner of the securities must be entered where called for (*see* Paragraph 8 above). No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@GreenMountainSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-888-836-0903.**

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name  MI  Beneficial Owner's Last Name

Co-Beneficial Owner's First Name  MI  Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City  State  Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)  Telephone Number (work)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]

Claimant Account Type (check appropriate box):

☐ Individual (includes joint owner accounts)  ☐ Pension Plan  ☐ Trust

☐ Corporation  ☐ Estate

☐ IRA/401K  ☐ Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity you may write "multiple." Please see Paragraph 9 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

Complete this Part III if and only if you purchased or acquired Green Mountain common stock during the period from February 2, 2011 through and including November 9, 2011. Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, Paragraph 7, above. Do not include information regarding securities other than Green Mountain common stock.

**1. HOLDINGS AS OF FEBRUARY 2, 2011** – State the total number of shares of Green Mountain common stock held as of the opening of trading on February 2, 2011. (Must be documented.) If none, write "zero" or "0."

| | | | | | | | | • | | |
|-|-|-|-|-|-|-|-|-|-|-|

**2. PURCHASES/ACQUISITIONS FROM FEBRUARY 2, 2011 THROUGH AND INCLUDING NOVEMBER 9, 2011** – Separately list each and every purchase/acquisition (including free receipts) of Green Mountain common stock from after the opening of trading on February 2, 2011 through and including the close of trading on November 9, 2011. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (MMDDYY) | Number of Shares Purchased/Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**3. PURCHASES/ACQUISITIONS FROM NOVEMBER 10, 2011 THROUGH AND INCLUDING FEBRUARY 7, 2012** – State the total number of shares of Green Mountain common stock purchased/acquired (including free receipts) from after the opening of trading on November 10, 2011 through and including the close of trading on February 7, 2012. (Must be documented.) If none, write "zero" or "0."[2]

| | | | | | | | | • | | |
|-|-|-|-|-|-|-|-|-|-|-|

**4. SALES FROM FEBRUARY 2, 2011 THROUGH AND INCLUDING FEBRUARY 7, 2012** – Separately list each and every sale/disposition (including free deliveries) of Green Mountain common stock from after the opening of trading on February 2, 2011 through and including the close of trading on February 7, 2012. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (MMDDYY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**5. HOLDINGS AS OF FEBRUARY 7, 2012** – State the total number of shares of Green Mountain common stock held as of the close of trading on February 7, 2012. (Must be documented.) If none, write "zero" or "0."

| | | | | | | | | • | | |
|-|-|-|-|-|-|-|-|-|-|-|

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

---

[2] **Please note:** Information requested with respect to your purchases/acquisitions of Green Mountain common stock from after the opening of trading on November 10, 2011 through and including the close of trading on February 7, 2012 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.