UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM, SJUNDE AP-FONDEN, BOARD OF TRUSTEES OF THE CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, EMPLOYEES' RETIREMENT SYSTEM OF THE GOVERNMENT OF THE VIRGIN ISLANDS, AND PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREEN MOUNTAIN COFFEE ROASTERS, INC., LAWRENCE J. BLANFORD and FRANCES G. RATHKE,<br><br>            Defendants. | No. 2:11-CV-00289-WKS |

**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES**

WHEREAS, this matter came on for hearing on October 22, 2018 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the

1

fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested; and

WHEREAS, this Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 18, 2018 (ECF No. 336-1) (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. **Jurisdiction** – The Court has jurisdiction to enter this Order and over the subject matter of the Action, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Notice** – Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and reimbursement of Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended (the "PSLRA"), and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

3. **Fee and Expense Award** – Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 17% of the Settlement Fund and $2,478,468.65 in reimbursement of Plaintiffs' Counsel's Litigation Expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Lead

Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

4. **Factual Findings** – In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $36,500,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved as reasonable by Class Representatives, institutional investors that oversaw the prosecution and resolution of the Action;

(c) More than 188,700 copies of the Notice were mailed to potential Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 20% of the Settlement Fund and Litigation Expenses in an amount not to exceed $3,400,000;

(d) Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e) The Action raised a number of complex issues;

(f) Had Lead Counsel not achieved the Settlement there would remain a significant risk that Class Representatives and the other members of the Class may have recovered less or nothing from Defendants;

(g) Plaintiffs' Counsel devoted more than 60,300 hours, with a lodestar value of approximately $28,543,600, to achieve the Settlement; and

(h) The amount of attorneys' fees awarded and Litigation Expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

5. **PLSRA Awards** – Class Representative Louisiana Municipal Police Employees' Retirement System is hereby awarded $5,715.80 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

6. Class Representative Sjunde AP-Fonden is hereby awarded $21,650.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

7. Class Representative Board of Trustees of the City of Fort Lauderdale General Employees' Retirement System is hereby awarded $3,862.87 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

8. Class Representative Employees' Retirement System of the Government of the Virgin Islands is hereby awarded $24,823.71 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

9. Class Representative Public Employees' Retirement System of Mississippi is hereby awarded $38,175.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

10. **No Impact on Judgment** – Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

11. **Retention of Jurisdiction** – Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

12. **Termination of Settlement** – In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

13. **Entry of Order** – There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this  22 day of  October, 2018.

                                                        /s/ William K. Sessions III
                                                       Honorable William K. Sessions III
                                                       United States District Judge