UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM, SJUNDE AP-FONDEN, BOARD OF TRUSTEES OF THE CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, EMPLOYEES' RETIREMENT SYSTEM OF THE GOVERNMENT OF THE VIRGIN ISLANDS, AND PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREEN MOUNTAIN COFFEE ROASTERS, INC., LAWRENCE J. BLANFORD and FRANCES G. RATHKE,<br><br>Defendants. | No. 2:11-CV-00289-WKS |

**JUDGMENT APPROVING CLASS ACTION SETTLEMENT** WHEREAS, a

consolidated class action is pending in this Court entitled *LAMPERS et al.*

*v. Green Mountain Coffee Roasters, Inc. et al.*, Civil Action No. 2:11-CV-00289-WKS (the

"Action");

WHEREAS, (a) Louisiana Municipal Police Employees' Retirement System, Sjunde AP-

Fonden, Board of Trustees of the City of Fort Lauderdale General Employees' Retirement System,

Employees' Retirement System of the Government of the Virgin Islands, and Public Employees'

Retirement System of Mississippi, together, the Court-appointed Lead Plaintiffs and Class

Representatives in the Action, on behalf of themselves and the other members of the plaintiff class

certified by the Court in the Action on July 21, 2017 (the "Class," as defined below), and

(b) defendants Keurig Green Mountain, Inc. ("Keurig Green Mountain"), formerly known as

Green Mountain Coffee Roasters, Inc. ("Green Mountain"), Lawrence J. Blanford, and Frances G. Rathke (collectively, the "Defendants," and together with Class Representatives, on behalf of themselves and the other members of the Class, the "Parties") have entered into a Stipulation and Agreement of Settlement dated June 18, 2018 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated July 6, 2018 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on October 22, 2018 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.  **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on June 19, 2018; and (b) the Notice and the Summary Notice, both of which were filed with the Court on September 17, 2018.

3.  **The Certified Class** – The Class means the class certified in the Court's Order dated July 21, 2017, consisting of all persons or entities who purchased or otherwise acquired Green Mountain common stock during the period between February 2, 2011 and November 9, 2011, inclusive (the "Class Period"), and who were damaged thereby. Excluded from the Class are: (i) Defendants; (ii) members of the Immediate Family of each of the Defendants; (iii) any person who was an executive officer and/or director of Green Mountain during the Class Period; (iv) any person, firm, trust, corporation, officer, director, or any other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Class are the persons listed on Exhibit 1 hereto who are excluded from the Class pursuant to request.

4.  **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be

provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

5.  **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6.  The Action and all of the claims asserted against Defendants in the Action by Class Representatives and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7.  **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Class Representatives, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from

the Net Settlement Fund), as well as their respective successors and assigns.  The persons listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

8. **Releases** – The Releases set forth in paragraphs 4, 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Class Representatives and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (including Unknown Claims) against the Defendant Releasees, whether or not such Class Member executes and delivers the Proof of Claim Form or shares in the Net Settlement Fund, and shall forever be barred and enjoined from bringing any action asserting any of the Released Plaintiffs' Claims against any and all of the Defendant Releasees.  This Release shall not apply to any Excluded Plaintiffs' Claims (as that term is defined in paragraph 1(v) of the Stipulation).

(b) Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each

and every Released Defendants' Claim (including Unknown Claims) against Plaintiff Releasees, and shall forever be barred and enjoined from commencing, maintaining, or prosecuting any or all of the Released Defendants' Claims against any and all of the Plaintiff Releasees. This Release shall not apply to any Excluded Defendants' Claims (as that term is defined in paragraph 1(w) of the Stipulation).

9. Notwithstanding paragraphs 8(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10. **Bar Order** – Upon the Effective Date, to the fullest extent provided by law, the Defendant Releasees are hereby discharged from and the Court hereby bars all future claims and claims over by any individual or entity ("Barred Person") against any of the Defendant Releasees, and by the Defendant Releasees against any Barred Person, for (a) contribution or indemnity (or any other claim or claim over, however denominated on whatsoever theory) arising out of or related to the claims or allegations asserted by Class Representatives in the Action, or (b) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is that Barred Person's actual or threatened liability to Class Representatives and/or members of the Class (the "Bar Order"); *provided, however*, the Bar Order shall not (a) release any of the Excluded Plaintiffs' Claims; or (b) preclude the Defendants from seeking to enforce any rights of contribution or indemnification that any Defendant may have against any other Defendant under any contract, corporate charter, or bylaw, or any right against any other Defendant for insurance coverage under any insurance, reinsurance, or indemnity policy.

11. **Judgment Reduction** – Any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any individual or entity subject to the Bar Order

shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of the Defendants to the Class or the Class Member for common damages.

12. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and the requirements of 28 U.S.C. Section 1927, in connection with the institution, prosecution, defense, and settlement of the Action.

13. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

    (a) shall be offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendant Releasees with respect to the truth of any fact alleged by Class Representatives or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees or in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiff Releasees that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable in the Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

15. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.

Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. **Modification of the Agreement of Settlement** – Without further approval from the Court, Class Representatives and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Class Representatives and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Class Representatives, the other Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of the date and time immediately prior to the execution of the Term Sheet on April 13, 2018, as provided in the Stipulation.

18. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this __22__ day of __October__, 2018.

/s/ William K. Sessions
The Honorable William K. Sessions III
United States District Judge

JUDGMENT ENTERED ON DOCKET
DATE:  10/22/2018