**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM, SJUNDE AP-FONDEN, BOARD OF TRUSTEES OF THE CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, EMPLOYEES' RETIREMENT SYSTEM OF THE GOVERNMENT OF THE VIRGIN ISLANDS, AND PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GREEN MOUNTAIN COFFEE ROASTERS, INC., LAWRENCE J. BLANFORD and FRANCES G. RATHKE, <br><br> Defendants. | No. 2:11-CV-00289-WKS |

## ORDER APPROVING DISTRIBUTION PLAN

Class Representatives moved this Court for an order approving a distribution plan for the Net Settlement Fund in the above-captioned action (the "Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Memorandum in Support of Class Representatives' Unopposed Motion for Approval of Distribution Plan and the Declaration of Alexander Villanova in Support of Class Representatives' Unopposed Motion for Approval of Distribution Plan (the "Villanova Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.     This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 18, 2018 (ECF No. 336-1) (the "Stipulation"), and the Villanova Declaration and all capitalized terms used in this Order shall have the same meanings as defined in the Stipulation or in the Villanova Declaration.

2.     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.     Class Representatives' proposed plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**.  Accordingly:

(a)     The administrative recommendations of the Court-approved Claims Administrator, Epiq Class Action and Claims Solutions, Inc. ("Epiq"), to accept the Timely Eligible Claims stated in Exhibit D to the Villanova Declaration and the Late But Otherwise Eligible Claims stated in Exhibit E to the Villanova Declaration, are adopted;

(b)     The Claims Administrator's administrative recommendations to reject wholly ineligible Claims, as stated in Exhibit F to the Villanova Declaration, are adopted;

(c)     Epiq is directed to conduct an Initial Distribution of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by this Order, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, while maintaining a 5% reserve from the Net Settlement Fund to address any tax liability and administration-related contingencies that may arise, as stated in paragraph 39(a) of the Villanova Declaration. Specifically, as stated in paragraph 39(a) of the Villanova Declaration: (1) Epiq will calculate award amounts for all Authorized Claimants as if the entire Net Settlement Fund were to be distributed now.  In accordance with the Court-approved Plan of Allocation, Epiq will calculate each Authorized Claimant's

*pro rata* share of the Net Settlement Fund as stated in subparagraph 39(a)(1) of the Villanova Declaration; (2) Epiq will, in accordance with the terms of the Court-approved Plan of Allocation, calculate the total amount each Authorized Claimant would recover in accordance with the calculations stated in subparagraph (c)(1) above and then it will eliminate from the distribution any Authorized Claimant whose total *pro rata* share of the Net Settlement Fund is less than $10.00. These Claimants will not receive any payment from the Net Settlement Fund and will be so notified by Epiq; (3) After eliminating Claimants who would have received less than $10.00, Epiq will calculate the *pro rata* shares of the Net Settlement Fund for Authorized Claimants who would have received $10.00 or more (the "Distribution Amount"); (4) 95% of the remaining balance of the Net Settlement Fund will be distributed *pro rata* to Authorized Claimants whose Distribution Amount calculates to $10.00 or more under subparagraph (c)(1) above. The remaining 5% of the Net Settlement Fund will be held in reserve (the "Reserve") to address any tax liability and administration-related contingencies that may arise. To the extent the Reserve is not depleted, the remainder will be distributed in the "Second Distribution" described in subparagraph (f) below;

(d)     In order to encourage Authorized Claimants to cash their checks promptly, all Distribution checks will bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." Class Counsel and Epiq are authorized to take appropriate action to locate and contact Authorized Claimants who have not cashed their checks within said time as detailed in paragraph 39(b) footnote 3 of the Villanova Declaration;

(e)     Authorized Claimants who do not cash their Initial Distribution checks within the time allotted or on the conditions stated in paragraph 39(b) footnote 3 of the Villanova

3

Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to all of these stale-dated checks will be available to be distributed to other Authorized Claimants in the second distribution. Similarly, Authorized Claimants who do not cash their second or subsequent distributions (should such distributions occur) within the time allotted or on the conditions stated in paragraph 39(b) footnote 3 of the Villanova Declaration will irrevocably forfeit any further recovery from the Net Settlement Fund;

(f)     After Epiq has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks (provided in paragraph 39(b) footnote 3 of the Villanova Declaration), but not earlier than nine (9) months after the Initial Distribution, Epiq will, after consulting with Class Counsel, conduct a second distribution (the "Second Distribution"), in which any amount remaining in the Net Settlement Fund after the Initial Distribution (including from the Reserve and the funds for all void stale-dated checks), after deducting Epiq's fees and expenses incurred in administering the Settlement for which it has not yet been paid (including Epiq's estimated costs of the Second Distribution), and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Initial Distribution who cashed their Initial Distribution check and are entitled to receive at least $10.00 from the Second Distribution based on their *pro rata* share of the remaining funds. Additional distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter in six-month intervals until Class Counsel, in consultation with Epiq, determine that further distribution is not cost-effective;

(g)     When Class Counsel, in consultation with Epiq, determine that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, if

sufficient funds remain to warrant the processing of Claims received after October 31, 2019, those Claims will be processed, and any otherwise valid Claims received after October 31, 2019, as well as any earlier-received Claims for which an adjustment was received after October 31, 2019, which resulted in an increased Recognized Claim amount, will be paid in accordance with subparagraph (h) below. If any funds remain in the Net Settlement Fund after payment of these late or late-adjusted Claims, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be contributed to Vermont Legal Aid, a non-sectarian, not-for-profit 501(c)(3) organization providing civil legal services to indigent persons;

(h)     No new Claims may be accepted after October 31, 2019, and no further adjustments to Claims received on or before October 31, 2019, that would result in an increased Recognized Claim amount may be made for any reason after October 31, 2019, subject to the following exception. If Claims are received or modified after October 31, 2019, that would have been eligible for payment or additional payment under the Plan of Allocation if timely received, then, at the time that Class Counsel, in consultation with Epiq, determine a distribution is not cost-effective as provided in subparagraph (g) above, and after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, these Claimants, at the discretion of Class Counsel, may be paid their distribution amounts or additional distribution amounts on

a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent possible;

(i)     All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Class Representatives, Class Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Class Representatives or Class Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants;

(j)     All of Epiq's fees and expenses incurred in the administration of the Settlement and estimated to be incurred in connection with the Distribution of the Net Settlement Fund as stated in the invoices attached as Exhibit G to the Villanova Declaration are approved, and Class Counsel are directed to pay the outstanding balance of $206,236.41 out of the Settlement Fund to Epiq; and

(k)     Unless otherwise ordered by the Court, one year after the Second Distribution, if that occurs, or, if there is no Second Distribution, two years after the Initial Distribution, Epiq may destroy the paper copies of the Claims and all supporting documentation, and one year after all funds have been distributed, Epiq may destroy electronic copies of the same.

4.      This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

SO ORDERED this __12__ day of ___May___ 2020.


/s/ William K. Sessions III
_____
The Honorable William K. Sessions III
United States District Judge